Matthew PEAKE, Plaintiff—Appellee,

v.

**CHEVRON SHIPPING COMPANY, INC.; Chevron Transportation Corporation, Ltd., Defendants—Appellants.**

**Matthew Peake, Plaintiff—Appellant,**

v.

Chevron Shipping Company, Inc.; Chevron Transportation Corporation, Ltd., Defendants—Appellees.

Nos. 04–17331, 04–17333.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Aug. 22, 2007.

Steuart Tower, Edward Bull, Esq., Banning Micklow Bull & Lopez, San Francisco, CA, for Plaintiff–Appellee.

Wayne F. Emard, Cheryl A. Morris, Esq., Emard, Danoff, Port & Tamulski, LLP, Craig E. Stewart, Esq., Peter E. Davids, Esq., San Francisco, CA, for Defendants–Appellants.

Before: WALLACE and BYBEE, Circuit Judges, and PREGERSON *, District Judge.

### MEMORANDUM **

Chevron U.S.A., Inc., and Chevron Transport Corporation, Ltd. (collectively, Chevron) appeal from the district court's judgment following a jury verdict in favor of Peake, a former Chevron employee. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

### I

Chevron argues that the district court improperly excluded evidence concerning Peake's use of alcohol and non-prescription drugs. The excluded evidence included Riley's notes, which indicate that Peake admitted having used alcohol and cocaine in the year prior to August 18, 2000, as well as Peake's wife's declaration stating that Peake "abuses alcohol and ... other substances." We review a district court's decision to exclude evidence as irrelevant or inflammatory for an abuse of discretion. *See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir.2005). Except as otherwise provided, "[a]ll relevant evidence is admissible" and "[e]vidence which is not relevant is not admissible." Fed.R.Evid. 402.

### A

■ The excluded evidence was relevant to Peake's negligence, unseaworthiness, and breach-of-contract claims. With respect to both his negligence and unseaworthiness claims, Peake was required to es-

tablish causation. *See Ribitzki v. Canmar Reading & Bates, Ltd. P'ship*, 111 F.3d 658, 662 & 664 (9th Cir.1997) (as amended). Evidence of Peake's work absences after the date of the alleged accident tended to confirm Peake's testimony that the accident caused him injury. The excluded evidence, on the other hand, suggests an explanation for the absences that does not point in the direction of Chevron's negligence or the ship's unseaworthiness. The excluded evidence was therefore relevant to both the negligence and unseaworthiness claims.

Neither the notes nor the declaration state that Peake missed work after the date of the alleged injury as a result of alcohol or illegal drug use, but that is not the test. Evidence is relevant if it has "*any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401 (emphasis added); *see Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 529 (9th Cir.1986). The notes indicate that Peake reported that his illegal drug use occurred only a few times. But a jury could draw the reasonable inference that Peake under-reported his behavior.

For Peake to have prevailed on his breach-of-contract claim, the jury must have found that Chevron did not condition the Return to Work Agreement (Agreement) on Peake abstaining from taking prescription medications. *See* Cal. Civ. Code § 1636 ("A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting...."). Evidence that Chevron was aware of Peake's illegal drug

---

* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and alcohol use at the time the Agreement was entered would make it more probable that Chevron required the drastic condition and that Peake agreed to it. Riley's and Peake's testimony on this issue was thus relevant to the contract claim.

### B

■ Peake has not shown that there would have been unfair prejudice arising from the admission of the excluded evidence. *See* Fed.R.Evid. 403. Peake contends that admission of this evidence would have been unfair because the evidence concerned illegal acts. Prejudice, however, is unfair only when it is based on something other than the persuasive weight of the evidence. *See United States v. Cruz-Garcia,* 344 F.3d 951, 956 (9th Cir.2003).

Peake also argues that the admission of either his wife's declaration or her testimony would have given rise to a prejudicial sideshow, but Peake provides no details as to how this sideshow might have come about. In any case, it is *possible* that *if* Peake's wife had testified to his illegal drug and alcohol use, then Peake might have tried to impeach her testimony by suggesting that she had an affair with a Chevron executive. If this "sideshow" would have impaired the fundamental fairness of the proceedings—and we cannot see how it would—the district court might have been within its discretion to bar the wife's testimony. Furthermore, this possible sideshow does not explain or excuse the district court's decision to keep out Riley's or Peake's testimony.

In our view, the danger of unfair prejudice did not substantially outweigh the probative value of the excluded evidence. The district court thus abused its discretion by excluding that evidence.

### C

■ There is prejudice unless we conclude that the verdict is more probably than not untainted by the error. *See Obrey,* 400 F.3d at 699–700. Peake argues that the district court's exclusion of the evidence was harmless because Chevron was able to introduce testimony concerning Peake's use of pain and other prescription medications, his wife's use of medications, his "personal issues," as well as evidence that he showed up intoxicated in an emergency room more than a year after he was fired. For the very reasons the excluded evidence was relevant in the first instance, however, the evidence was not interchangeable with evidence of prescription medication use and a single alcoholic incident. Because Peake has not shown that the district court's abuse of discretion did not result in prejudice, we must reverse the district court's judgment.

### II

■ Peake argues that even if the district court abused its discretion by excluding the illegal drug and alcohol evidence on either relevancy or unfair prejudice grounds, thereby prejudicing the verdict, the evidence was otherwise inadmissible. First, Peake asserts that his statements to Riley concerning his use of non-prescription drugs and alcohol are privileged. Confidential communications between a licensed social worker engaged in psychotherapy are privileged under the federal psychotherapist-patient privilege. *See Oleszko v. State Comp. Ins. Fund,* 243 F.3d 1154, 1156–57 (9th Cir.2001). The burden of proving that the privilege applies is placed upon the party asserting the privilege. *Cf. United States v. Landof,* 591 F.2d 36, 38 (9th Cir.1978) (so allocating the burden with respect to the assertion of the attorney-client privilege). Because Peake asserts claims that place at issue the rea-

son for his medical treatment, he has waived the privilege with respect to any statements he made to Riley concerning his need for that treatment, including those statements admitting to his use of non-prescription drugs and alcohol. *Cf. Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir.2003) ("[P]arties in litigation may not abuse the [attorney-client] privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege").

■ Second, Peake contends that his wife's declaration is inadmissible hearsay. Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). "[H]earsay is inadmissible unless it is defined as non-hearsay … or falls within a hearsay exception.…" *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 (9th Cir.2002). If Chevron had offered the declaration as evidence that Peake used non-prescription drugs and alcohol, that evidence may have constituted inadmissible hearsay. If Chevron had called Peake's wife as a witness, however, the declaration may have been admissible for impeachment purposes as a prior inconsistent statement or possibly for another purpose. *See United States v. Bao*, 189 F.3d 860, 865–66 (9th Cir.1999). Therefore, we may not hold that the declaration is necessarily inadmissible hearsay.

### III

Because we **REVERSE** and **REMAND** for a new trial consistent with this memorandum disposition, we need not address the parties' arguments concerning trial misconduct, the jury instructions, the dis-

trict court's imposition of time limits on each party's direct and cross-examination, or the district court's judgment vacating the jury's award of damages on the breach-of-contract claim.

PREGERSON,[1] District Judge, dissenting:

I would affirm the judgment of the district court.

In this Circuit, we will not reverse a district court for abuse of discretion unless we are certain that the judgment of the district court was unreasonable. *See Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir.2000), *cert. denied*, 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000). As we have previously explained:

> Appellate judges are often tempted to mention the abuse of discretion standard and then treat that as a mere formalistic incantation preparatory to their deciding what they would have done had they been the district judge. But as we see it, the standard means that within substantial margins the district court could be upheld had it determined the issue one way or the other.

*Speiser, Krause, & Madole P.C. v. Ortiz*, 271 F.3d 884, 887 (9th Cir.2001). Accordingly, reversal for abuse of discretion is inappropriate unless we are firmly convinced that "the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman*, 211 F.3d at 1175.

We also give "considerable deference" to a district court's decision to exclude evidence under Rule 403 of the Federal Rules of Evidence. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1035 (9th Cir.2003),

---

**1.** The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

*cert. denied*, 540 U.S. 1160, 124 S.Ct. 1169, 157 L.Ed.2d 1204 (2004) (internal quotations omitted). Put differently, the district judge is given wide latitude in determining the admissibility of evidence under this standard, *United States v. Fagan*, 996 F.2d 1009, 1015 (9th Cir.1993), and we will uphold the district judge's decision absent clear abuse of discretion. *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir.1996).

With these standards in mind, I respectfully dissent from the majority's opinion. The district court excluded two documents from trial. One document was a declaration from Peake's wife filed in the couple's divorce and custody proceeding in 2000. In the context of that proceeding, she stated that Peake abused alcohol and, she believed, other substances. The other document consisted of notes from Peake's Employee Assistance Program ("EAP") manager. The EAP manager's notes indicated that Peake had sought help for an alcohol problem while going through his divorce and that Peake had used illegal drugs on a few occasions outside of work. The district court considered Chevron's arguments seeking admission of this evidence over the course of two pre-trial conferences. At the end of the second conference, the district court determined that the evidence that Peake had used alcohol and drugs outside of work had little, if any, relevance to Peake's claims. The district court also determined that even if the declaration and notes were relevant to Peake's claims, they should be excluded pursuant to Rule 403.

I do not believe the way the district court conducted the Rule 403 balancing test was a clear abuse of discretion. Although the majority argues that the excluded evidence was relevant to Peake's claims, that is not the question under Rule 403. Even if the excluded evidence was more than minimally probative, it does not follow that it should have been admitted. Rule 403 permits district courts to determine whether relevant evidence should nonetheless be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See* Fed.R.Evid. 403. Thus, the district court must weigh the probative value of the evidence against its prejudicial value and use its discretion to determine whether the evidence should be admitted.

Here, the district court first considered the probative value of the excluded evidence and found it minimal at best. The majority questions that finding by asserting that the jury could have drawn certain inferences from the excluded evidence that would have made Peake's version of the events less probable. For example, the majority contends that, had the jury reviewed the notes and declaration, it could have inferred that Peake had under-reported his bad behavior and was likely to have missed work days as a result of his drug and alcohol use. Thus, the majority argues, the evidence was relevant to the causation element of Peake's negligence and unseaworthiness claims. The majority also contends that the manager's notes were relevant to Peake's breach of contract claim for Chevron's violation of his return to work agreement because they could support an inference that the parties had agreed that Peake refrain from using prescription drugs as a condition of the agreement.

I do not take issue with the majority's relevancy arguments. However, I disagree with the majority's apparent conclusion that the excluded evidence was more than minimally probative. The district court could have reasonably found that the

inferences cited by the majority were speculative and only marginally related to Peake's claims. First, neither the notes nor the declaration indicated that Peake had missed work as a result of alcohol use. Additionally, the notes stated that Peake had only used illegal drugs on a few occasions at a neighbor's house. The notes did not suggest in any way that Peake had been absent as a result of illegal drug use; if anything, they suggested that the illegal drug use was an aberration. Second, with respect to the breach of contract claim, the return to work agreement expressly addressed the issue of alcohol and illegal drug use and provided an exception for the use of prescription drugs. Thus, it is difficult to see how admitting the EAP manager's notes would have had any significant bearing on whether Chevron had required Peake to refrain from using prescription drugs. In short, it was within the margins of reason for the district court to find that the evidence only made Chevron's defense *slightly* more probable at best, and it was the duty of the district court to take this into account in determining whether to exclude the evidence under Rule 403.

The majority also does not afford the appropriate deference to the district court's consideration of the prejudicial nature of the excluded evidence. The wife's declaration was made in the context of a bitter child custody dispute that involved her possible infidelity and allegations of his drug use.[2] Had the declaration been introduced at trial, Peake would have been entitled to offer evidence about the sordid nature of the custody dispute to place his

wife's statements in context and to undermine their credibility. However, the district court had already granted Chevron's motion *in limine* to exclude any evidence of the alleged affair between Peake's wife and a Chevron Shipping executive. Under these circumstances, it was within the discretion of the district court to find that it would have been unfairly prejudicial to admit the declaration without giving Peake the opportunity to attack its evidentiary value.

Moreover, the majority does not discuss the degree of prejudice that can result from introducing only minimally relevant evidence of a plaintiff's sporadic drug and alcohol use. Evidence of drug use is highly prejudicial. *See, e.g., United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1017 (9th Cir.1995). Given the negative connotations that many people associate with illegal drug use and the very real risk that this type of evidence could improperly influence and sidetrack a jury, it is in fact prudent for a court to be cautious in admitting such evidence where its probative value is slight.

In sum, it appears that the majority has substituted its judgment for that of the district court, and, in so doing, has given too much weight to the probative value of the evidence and not enough weight to its prejudicial nature. Although another district court could have conducted the Rule 403 balancing test differently, I nonetheless remain unconvinced that this district court's decision to exclude the evidence

---

**2.** In his answering brief, Peake refers to this declaration as a "hearsay declaration." Although I did not find any further briefing on this issue, I do not see how Peake's wife's statements concerning his drug and alcohol use would have been admissible. They are out-of-court statements offered to prove the truth of the matter asserted—that Peake had used alcohol and drugs. As such, they are

hearsay. Because it does not appear that the statements are subject to any hearsay exception, I do not think they could have been admitted, regardless of their relevance. Therefore, I believe that the EAP document is the only piece of excluded evidence that matters for purposes of this appeal. On its own, it is even less probative of Peake's alcohol and drug use.

under Rule 403 lies beyond the pale of reasonable justification. The district court determined that admitting the excluded evidence would have necessarily pulled into the trial Peake's divorce, the allegations of marital infidelity with a Chevron executive, and the custody battle over Peake's son that would have caused confusion of the issues and considerable waste of time. The district court weighed these considerations against the probative value of the evidence and found that the balance tipped substantially in favor of exclusion. Because I do not believe this finding constitutes a clear abuse of discretion within substantial margins, I would affirm the judgment of the district court.